Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed to foreclose a mortgage on certain slaves. The subpoena was served on the 18th of May, 1847, by leaving a copy at the residence of the defendant. On the 21st of June thereafter, the bill was taken for confessed, and set for hearing ex parte, and on the same day an interlocutory decree for an account was entered. The account was taken and returned, and there being no exceptions filed thereto was confirmed, and a final decree of foreclosure and of sale made on the same day.
On the 25th of August the defendant entered his appearance, and moved the court to set aside the pro confesso, and the decree made thereon, and to permit him to file an answer. The answer accompanied the application, and stated that the defendant was absent in Texas at the time the process was left at his house, and that he did not return, nor have any knowledge of the proceedings, until after the rendition of the decree. It also stated that the mortgage rvas executed in consideration of a purchase of slaves, introduced from abroad, and sold contrary to the provisions of the then law, and relied upon its invalidity as *448 a defence. Notice of the motion was served upon the counsel of the complainant, and on the 4th of September, the order of pro confesso and the decree were set aside, and the answer filed. A rehearing was afterwards granted, the chancellor set aside this last order, directed the answer to be taken from the file, and reinstated the original decree. An appeal was prayed, but the bond not having been given, a writ of error was afterwards sued out, and the cause thence comes to this court.
The defence disclosed by the answer was valid, if the statements were true. The statute directs, that in default of an answer “ the bill may be taken pro confesso, and set for hearing at the same term; and such pro confesso, so taken, shall not be set aside, unless upon good cause shown, and payment of costs.” Hutch. Code, 767. This strongly implies that it shall be done, upon good cause shown, and we can scarcely conceive a stronger showing than was here made.
The decree, to say the least, was a very hasty one. In a month after the service of the process, all the intermediate steps had been taken, and the final decree rendered. There was no pause; the interlocutory order, the account and the final decree were all made in one day. The report was without notice, and entirely ex parte. The twenty-third rule of the court requires notice of the taking of an account, and directs that it be either by personal service or by advertisement; this was wholly disregarded.
The thirty-eighth rule requires a day to be assigned to the parties to appear and examine the report; this was likewise disregarded.
But it is insisted in argument, that the writ of error brings up nothing but the original decree, and not the subsequent proceedings. We take a different view of the record. When the answer was filed, it became a part of the record. The last order in the cause, setting aside the previous order, and reinstating the original decree, is also a part of the record. The validity of the original decree rests upon the order reinstating it, and this brings the whole proceedings under review. When the whole record is regarded, it is very manifest that the decree is against *449 the justice of the case, unless we say that the law of the case is different from the justice of the case. The defence set up by the answer was valid. Were the decree to be now affirmed, it would be a virtual sacrifice of substance to form, when even the regular forms of the court were not pursued.
We think with the counsel of complainant, that the act of 1848, Hutch. Code, 787, has nothing to do with this case. That only provides for making the answer a part of the record, when the chancellor refuses to permit the answer tobe filed, and refuses to set aside the pro confesso. There was no reason for such statutory provision, when the chancellor permits the answer to be filed, and thus to become incorporated Avith the record.
On the whole circumstances, justice demands that the party be admitted to his defence.
Decree reversed and cause remanded.